CARROLL, Judge.
On June 3, 1969, a written agreement relating to certain real estate in Dade County was entered into between the appellees Village of the Four Winds Corporation and Four Winds Village Corporation, herein referred to as the seller, and the appellant Specialty Restaurant Corporation, herein referred to as the optionee. Thereunder a substantial sum was deposited by the optionee with The First National Bank of Miami in escrow, and the owner granted to the optionee “an exclusive right and option for a period of 150 days, to purchase the property below described, upon fulfillment by Seller of conditions 2, 3 and 4 below.”
Condition 4 as stated therein was as follows :
“Evidence satisfactory to Buyer that the main airport entrance and exit roadway (commonly known as N.W. 20th Street) will be extended Easterly past subject property parallel to N.W. 22nd Street and immediately South of Lots 3 through 14. Ingress and egress to and from subject property into such extension and from such extension to and from subject property shall be permitted. Such ingress and egress shall not be East of N.W. 39th Avenue nor West of N.W. 42nd Avenue.”
*104 It was provided in the agreement that if the optionee “elects to purchase” the property the deposit would be applied on the purchase price; that if the seller was “unable to perform as to paragraphs 2, 3 and 4 below, within 150 days” or an extension thereof if made, the deposit would be returned to the optionee and the agreement voided; and it was further provided that if the seller performed said conditions 2, 3 and 4 within the 150-day period, and the election to purchase was not exercised, the seller would be entitled to the escrow deposit.
Shortly before the end of the option period, which expired on October 31, 1969, the optionee charged the seller with breach by failing to comply with or perform said condition 4. In response thereto the seller took a contrary position, asserting compliance therewith. The optionee did not exercise its right or election to purchase the property on or before October 31, 1969.
This action was instituted by the seller, on November 23, 1970, against the optionee and the escrow agent to establish the plaintiffs’ right to the amount which had been deposited in escrow and to obtain the same. Judgment therefor was granted in favor of the plaintiff seller, and the defendant op-tionee appealed.
The final judgment entered reveals that the cause was tried before the court solely on issues relating to whether the said point 4 had been complied with as provided for in the agreement.[1] In determining that question in favor of plaintiffs the judgment stated: “The court finds from clear and convincing evidence and testimony that Point 4 of the Deposit Receipt Agreement of June 3, 1969 has been complied with in all respects by the Plaintiffs.” The court further found that election by the optionee not to purchase the property was not based on a good faith belief by the optionee “that there was no evidence satisfactory to it that the conditions set forth in Point 4 were met' at the material times,” and that the optionee’s reasons for not exercising its election to purchase the property “were in no way connected with Point 4 of the Deposit Receipt Agreement.” The court construed the agreement to be one for an option, by which the optionee was given a unilateral right to elect to purchase the subject property within a specified period and for which the optionee had made the escrow deposit; and further that the seller, by reason of having complied with the conditions required of it under the agreement, was entitled to receive and retain the deposit “plus any accumulated interest.”
The appellant seeks reversal on five grounds. The first is a contention that the agreement was not an option, but was a contract for sale. The second and third contentions challenge the sufficiency of the evidence to sustain the finding of the trial court that condition 4 was complied with by the seller. .Fourth, the appellant contends that as the agreement was a contract of sale, its failure to purchase the property was simply a breach of contract, for which the seller would be limited to actual damages rather than to become entitled to retain the deposit. The final contention of the appellant was that on awarding the deposit to the seller the court erred in including the income which had accrued thereon while the deposit was in escrow.
On consideration of those contentions in the light of the record and briefs we find no reversible error has been shown. The court properly construed the agreement to be an option, rather than a contract of sale. South. Inv. Corp. v. Norton, Fla.1952, 57 So.2d 1; 33 Fla.Jur., Vendor and Purchaser, §§ 15, 16. By the *105 agreement it was plainly provided that if the above referred to “conditions” were performed by the seller, and the option to purchase was not exercised within the period provided for, the deposit was to be retained by the seller. The decision of the trial court that the condition designated as Point 4 of the agreement was timely complied with by the owner is supported by competent substantial evidence in the record. We find no merit in the contention of the appellant that the court erred in excluding a certain letter written to the optionee by an attorney for the seller. In view of the evidence bearing on the central issue of compliance with Point 4 the refusal of the court to admit said letter, if error, was harmless error. § 59.041 Fla. Stat., F.S.A. The ruling of the court allowing to plaintiffs the income accrued on the escrow deposit was proper in view of a stipulation entered into between the parties during pendency of the cause.
The judgment is affirmed.

. In the opening paragraph of the judgment it was recited that the court liad heard argument and considered the evidence presented, and had “honored the stipulation of counsel for the parties that the only point in contention remaining to be tried between the parties was Point 4 of the Deposit Receipt Agreement of June 3, 1969; (The Defendant having agreed that the Plaintiffs have complied with the Escrow Agreement and the Deposit Receipt Agreement, in all other respects).”